103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joyce F. CHOITZ, Plaintiff-Appellant,
v.
HUGHES MISSILE SYSTEM COMPANY, a Corporation, Defendant-Appellee.
 No. 95-55767.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 20, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joyce F. Choitz sued Hughes Missile System Company in California state court. She alleged causes of action for breach of an employment agreement, breach of an implied covenant of good faith and fair dealing, unlawful discrimination based on sex, and unlawful discrimination based on age. Hughes removed the case to the United States District Court for the Southern District of California and moved for summary judgment. The district court granted summary judgment in favor of Hughes and Choitz appeals.
 
 
 3
 We affirm the district court's summary judgment.
 
 
 4
 Assuming Choitz stated a prima facie case in support of her claims, an issue the district court declined to address, Hughes came forward with legitimate, nondiscriminatory reasons for firing Choitz. Some of the matters stated in the declaration of Matthew McManaman, Hughes's manager of Quality Assurance for its Tomahawk missile program, were based on inadmissible hearsay. Nevertheless, enough remained in his declaration which constituted admissible evidence to establish without contradiction that Hughes had to downsize and had a corresponding need to retain only the most versatile employees; that Hughes had an elaborate system for evaluating which employees should be let go and this system included a ranking that comparatively evaluated the employees' skills and versatility; and that Choitz was ranked lower than the employees in her department who were retained during the reduction in force. Therefore, Hughes stated legitimate and nondiscriminatory reasons for firing Choitz. Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985).
 
 
 5
 The burden then shifted to Choitz to come forward with evidence that Hughes's asserted reasons for firing her were pretextual. She did not do this. Even if McManaman had no personal knowledge of whether the ranking system had been properly applied specifically to Choitz's case, no evidence of pretext flows from this point because there is no evidence that the ranking system was incorrectly applied: Choitz advances no evidence to suggest that she was more versatile than the two employees who were retained in her department, no evidence that the person doing the ranking had a motive for applying the criteria incorrectly, and no evidence of animus that would suggest that the ranking was mere pretext for firing her. Even though McManaman may not have personal knowledge that Choitz's complaint was properly reviewed by Dr. Barrons, this provides no evidence of pretext. Nor does Choitz's asserted failure to receive an unidentified packet of information support Choitz's claim that Hughes's reasons for firing her were pretextual.
 
 
 6
 Choitz contends the district court failed to give proper weight to her declaration and deposition testimony and instead gave unwarranted credibility to McManaman's declarations. We disagree. In her declaration Choitz fails to state specific facts to indicate that she was terminated without cause or for an improper purpose. Choitz also ignores the fact that her termination was based on ratings and rankings which were compiled by Convair over a period of years before Hughes's acquisition of Convair's missile facilities. The statements in her declaration on which Choitz relies are conclusory as opposed to fact-specific. A summary judgment motion cannot be defeated by relying on conclusory allegations unsupported by factual data. Angel v. Seattle-First National Bank, 653 F.2d 1293, 1299 (9th Cir.1981); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).
 
 
 7
 With regard to the deposition testimony on which Choitz relies, this testimony fails to raise specific facts rebutting Hughes's admissible evidence in support of its summary judgment motion. McManaman's declarations contain detailed evidence that the reduction in force affected the entire Quality Assurance Department, which was originally divided between the Kearny Mesa and Sycamore Canyon sites. The reduction in force left only two salaried employees with the Tomahawk program in San Diego--Karnes and Burness--and they both now work at Sycamore Canyon. After Choitz was laid off, the Kearny Mesa site ceased to house any Quality Assurance personnel serving the Tomahawk programs. The separate position of a DD-250 specialist, which position Choitz had filled, no longer exists. Karnes has taken over the DD-250 work which he now performs in addition to a number of other essential duties which Choitz was not trained to perform.
 
 
 8
 Choitz also contends the district court erred in granting summary judgment because numerous triable issues still remain. She specifically contends there is no evidence as to how the rankings were compiled, or that Hughes's complex personnel requirements were followed. She also contends there is no evidence that the Tomahawk program moved to Tucson, that other employees are more versatile than she is, or that Dr. Barrons reviewed her layoff notice. These contentions are without merit. They are rebutted by admissible portions of McManaman's declarations. Moreover, Choitz failed to set forth in her declarations specific facts supporting her contentions, and these facts are not contained in her deposition testimony.
 
 
 9
 We conclude there are no genuine issues of material fact for trial, and summary judgment was appropriate. See Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' ") quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3